UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PETER J. SOLEY and STACY
SOLEY,

     Plaintiffs,

v.                            Case No.:  2:22-cv-480-JES-KCD

TRUIST BANK F/K/A SUNTRUST
BANK,

     Defendant.

_____/

## **ORDER**[1]

    This is a breach of contract case that Truist Bank removed based on diversity jurisdiction. Federal courts are courts of limited jurisdiction and must inquire about jurisdiction sua sponte whenever it may be lacking. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).[2]

    A defendant may remove a civil case from state court provided the case could have been brought in federal court. *See* 28 U.S.C. § 1441(a). Federal

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

courts have original jurisdiction if the amount in controversy exceeds $75,000, and there is complete diversity of citizenship among the parties. *See* 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). The defendant seeking removal must establish diversity jurisdiction as of the date of the removal. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010); *Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc.*, 330 F.3d 1308, 1310 (11th Cir. 2003). Removal jurisdiction raises significant federalism concerns, and thus courts strictly construe removal statutes. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Any doubt as to the presence of jurisdiction should be resolved in favor of remand. *See Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

Citizenship, for jurisdictional purposes, is the equivalent of one's domicile, not residence. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id.* at 1257-58.

Here, the Soleys citizenship is unclear. Although the Notice of Removal states that the Soleys are "domiciled in, and a citizen and resident of," Florida and Massachusetts (Doc. 1 at 3), the only basis for that statement is the amended complaint, which alleges that the Soleys "reside in" Florida and Massachusetts (Doc. 3 at 2). Residency is not sufficient, and domicile isn't

mentioned in the amended complaint. Thus, Truist has failed to meet its burden of establishing subject matter jurisdiction at the time of removal.

Truist may supplement the notice of removal. *See* 28 U.S.C. § 1653.

It is now **ORDERED**:

Defendant must supplement the Notice of Removal to show why the Court should not remand this case for lack of subject matter jurisdiction by **August 25, 2022**. **Failure to do so will result in this case being remanded without further notice**.

**Entered** in Fort Myers, Florida this August 11, 2022.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record