UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.: 22-cv-480-JES-KCD

PETER J. SOLEY AND STACY SOLEY,

    Plaintiffs,

v.

TRUIST F/K/A SUNTRUST BANK,

    Defendant.

_____/

## PLAINTIFFS' UNOPPOSED MOTION TO POSTPONE PRELIMINARY PRETRIAL CONFERENCE

Plaintiffs, through their undersigned counsel, respectfully move for the entry of an order postponing the Preliminary Pretrial Conference in this case, and in support thereof states:

1. The Court has set an in-person Preliminary Pretrial Conference in this case for September 27, 2022. *See,* D.E. 5.

2. Plaintiffs' undersigned lead counsel is currently on a two-week jury trial calendar in a case pending in Miami-Dade County Circuit Court, wherein he represents the plaintiffs – *Santiago Martinez et al. vs. Heritage Property & Casualty Insurance Company,* Case No.: 2020-016627-CA-01. *See,* "Uniform Order Setting Cause for Live/In-Person Jury Trial" (attached as Exhibit "A"). That trial period runs from September 27, 2022 through October 7, 2022. It is therefore conceivable that the undersigned will be required to start trial in Miami at the same time he has to appear before this Court for the Preliminary Pretrial Conference.[1]

---

[1] In the same state court case, the court has set a summary judgment hearing on the defendant's motion for summary judgment. *See,* "Zoom/Virtual Notice of Special Set Hearing on Defendant's Motion for Partial Summary Judgment" (attached as Exhibit "B").

3. Primarily for this reason Plaintiffs are requesting the Court to postpone the currently-scheduled Preliminary Pretrial Conference. Additionally, however, Defendant intends to file a motion to compel arbitration which, if agreed to by Plaintiffs or granted by the Court, will moot the need for a Preliminary Pretrial Conference. Plaintiffs understand that Defendant intends to request additional time to file that motion. Plaintiffs do not oppose that request.

5. For the reasons set forth above, Plaintiffs respectfully request that the Court postpone the September 27, 2022 Preliminary Pretrial Conference until after the later of the completion of the two-week jury trial period in the undersigned counsel's state court case in Miami or the resolution of Defendant's motion to compel arbitration.

6. Without waiver of its right to seek arbitration, Defendant consents to the relief requested herein by Plaintiffs.

WHEREFORE, Plaintiffs request that the Court enter an order postponing the September 27, 2022 Preliminary Pretrial Conference until the later of the completion of the two-week trial calendar in *Martinez et al. vs. Heritage Property & Casualty Insurance Company* or the resolution of Defendant's motion to compel arbitration.

/s/Andrew V. Tramont
RODRIGUEZ TRAMONT & NUÑEZ, P.A.
Counsel for Plaintiffs
255 Alhambra Circle, Suite 1150
Coral Gables, Florida 33134
Telephone: (305) 350-2300
Facsimile: (305) 350-2525
ANDREW V. TRAMONT, ESQ.
Florida Bar No.: 322830
avt@rtgn-law.com
STEPHANIE THERESE NUÑEZ, ESQ.
Florida Bar No. 099588
stn@rtgn-law.com
PAUL MICHAEL NUÑEZ, ESQ.
Florida Bar No.: 124205
pmn@rtgn-law.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 12, 2022, I electronically filed the foregoing with the Clerk of Court using CM/ECF. **I FURTHER CERTIFY** that a copy of the aforesaid was served via electronic mail upon:

> Nicholas S. Agnello, Esq.
> BURR & FORMAN, LLP
> 350 E. Las Olas Blvd. – Suite 1440
> Email: nagnello@burr.com
> *Counsel for Defendant*
>
> /s/ *Andrew V. Tramont*
> FL Bar No. 322830
> Andrew V. Tramont, Esq.

# EXHIBIT "A"

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.: 2020-016627-CA-01
SECTION: CA07

**Santiago Martinez et al**
Plaintiff(s),

vs.

**Heritage Property & Casualty Insurance Company**
Defendant(s)
_____/

UNIFORM ORDER SETTING CAUSE
FOR LIVE/IN-PERSON JURY TRIAL,
MEDIATION, AND PRE-TRIAL INSTRUCTIONS
Calendar Call on Zoom/Virtual

THIS CAUSE is hereby set for jury trial before the undersigned Judge at the Dade County Courthouse, 73 West Flagler Street, Miami, Florida 33130, Room ___???___ for the __2__ week period commencing:

_____09-27-2022_____, or as soon thereafter as the same may be heard.

ALL ATTORNEYS, pursuant to Fla. R. Civ. P. 1.200., are directed to appear before the undersigned Judge at the Dade County Courthouse for:

**Calendar Call on __09-14-2022 at 1:30 PM__**. **(Zoom provided by Judicial Assistant)**

All attorneys appearing at the Calendar Call shall be **thoroughly familiar** with the cause and be prepared to consider and determine such matters as are set forth in Fla. R. Civ. P. 1.200(b). Failure to appear as directed or to otherwise strictly comply with the terms of this Order may result in sanctions, including, but not limited to, the dismissal of the action, striking of pleadings, limiting of proof, striking a witness or such other actions as the Court may deem proper.

Virtual Court is held remotely on the Zoom platform. You will receive an email from the Court with the information you need to connect to your event by video or phone if you are on the E-Filing Portal service list. If you do not receive an email, check the judge's webpage for the Zoom link to their virtual courtroom or further instructions. You may also register for text notification via link https://cmap.jud11.flcourts.org/ebench/textNotificationsRegistration.jsp.

IT IS THE RESPONSIBILITY OF THE SCHEDULER TO PROVIDE TIMELY NOTICE OF THE ZOOM MEETING DETAILS TO ANY PARTY NOT REGISTERED ON THE E-FILING SERVICE PORTAL.

It is further Ordered and Adjudged as follows:

<u>**IN THE EVENT OF CONFLICTING DEADLINES, PREVIOUSLY ENTERED CASE MANAGEMENT ORDERS (CMO) OR SCHEDULING ORDERS MUST BE FOLLOWED. THE EARLIEST APPLICABLE DEADLINE WILL BE ENFORCED. THE CMO/SCHEDULING ORDER SUPERSEDES ANY CONFLICTING DEADLINES**</u>

**ESTABLISHED BY THIS TRIAL ORDER. DO NOT RELY ON THIS TRIAL ORDER TO EXTEND ANY PRIOR DEADLINES.**

1. The parties shall do all things necessary to **assure availability of their witnesses** for the **entire trial period** or to otherwise **preserve their testimony** for trial as provided by Florida Rules of Civil Procedure. See Fla. R. Civ. P. 1.300 and 1.460. See Fla. R. Jud. Adm. 2.085.

2. At least **ninety (90) days prior** to the first day of the trial period set forth herein, counsel for each party shall file a **list of the proper names and addresses of all witnesses** who are expected to testify in this cause, including all "hybrid" witnesses who may be considered a fact witness and also give expert testimony.

3. At least **sixty (60) days prior** to the first day of the trial period set forth herein, counsel for each party shall file a **list of the proper names and addresses of all expert witnesses** retained by the parties **who are expected to testify at the trial of this cause**. The parties shall also list the **specialty** of each expert, what **element of the case** the expert will express opinions on (standard of care, causation, damages, etc.), and provide all parties a copy of the **experts' report(s)**, if applicable, and/or provide a short summary of the testimony expected from each expert pursuant to Fla. R. Civ. P.1.280(b)(5). Each party is limited to **one expert per specialty**.

4. **Upon receipt of opposing counsel's expert witness disclosure**, each party shall have **fifteen (15) days to list the proper names of additional rebuttal experts or impeachment witnesses**. The parties shall follow the instructions in paragraph 3 with regards to the information accompanying the listing of additional experts retained by the parties.

5. At the time of the Calendar Call, if necessary, counsel for each party will file any objections to the **authenticity** of any records or evidence produced during discovery that are expected to be introduced into evidence so as to put all parties on notice of the need for a records custodian witness. Failure to timely file such objection will be deemed as a waiver of any objection to authenticity. All other substantive objections are preserved.

6. **All compulsory medical evaluations** pursuant to Fla. R. Civ. P. 1.360 shall be completed at least **forty-five (45) days prior** to the first day of the trial period set forth herein.

7. **At least thirty (30) days prior** to the first day of the trial period set forth herein, counsel for each party shall file a **list of all exhibits** intended to be introduced as evidence at trial and make these exhibits available to opposing counsel for examination and inspection, including the **initialing** of the exhibits **no later than five (5) days prior** to the first day of the trial period.

8. *Daubert* motions shall be <u>filed</u> thirty (30) days prior to the first day of the trial **period. Hearing on these motions shall be set NOT LATER THAN fifteen (15) days prior** to the first day of the trial period. At the time of the Calendar Call, each party shall make known to opposing counsel and the court all substantive motions, including all motions in limine, that still need to be ruled upon prior to trial. Failure to do so may be deemed an abandonment of any pending motion(s). **If any *Daubert* motion has been timely filed and not heard, it shall be brought to the attention of the Court at Calendar Call.**

9. **Discovery** shall be **concluded at least fifteen (15) days prior** to the first day of the trial period set forth herein. Any further discovery must be conducted by the written stipulation of all parties or leave of the Court.

10. **Ten (10) days prior** to the first day of the trial period, the parties shall file their page-line **designation for depositions** that they intend to read or play at trial; the opposing party shall have **five (5) days thereafter to file objections** and/or counter-designations.

11. **Mediation** shall have been completed *prior to the Calendar Call* to either resolve the case or narrow the issues. The parties shall immediately notify the Court in the event of settlement and submit a Stipulation and Order of Dismissal. As well, the parties shall advise the Court of the cancellation of any pending hearings. **The parties are ordered to mediate this cause pursuant to attached exhibit which is incorporated in this order**.

12. The parties are directed to exchange **proposed jury instructions** and verdict forms at the time of the Calendar Call. **At least three (3) days before commencement of the trial period** the parties shall agree on as many jury instructions as possible and be prepared to submit the agreed instructions to the court as well as designate to the court the proposed instructions in dispute.

13. **Should the parties believe that a different schedule is required for the efficient administration of this matter, they are encouraged to meet and develop a joint stipulated order and/or set a case management conference pursuant to Fla. R. Civ. P. 1.200. If parties expect that the case will require a pretrial conference, they should request and schedule same sufficiently in advance of trial to permit same to be scheduled**.

14. Failure to list a witness or exhibit pursuant to this order may result in the exclusion of that witness or exhibit from trial.

15. Should this matter be continued or not reached during the trial docket set forth herein, each time limitation and provision contained herein shall apply to the **new trial** date.

16. All time periods herein refer to calendar days.

**DONE AND ORDERED** in Chambers, at Miami-Dade County, Florida, on this _____28th day of July, 2022_____.

*Maria de Jesus Santovenia* / J Z

2020-016627-CA-01 07-28-2022 12:06 PM

**Maria de Jesus Santovenia**   signed at Judge's direction
CIRCUIT COURT JUDGE

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355, Email: ADA@jud11.flcourts.org at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711.

Copies Furnished to:
pan@rtgn-law.com
as@rtgn-law.com
gw@rtgn-law.com
kbrimmer@uww-adr.com
cgalvez@uww-adr.com
avt@rtgn-law.com
as@rtgn-law.com
gw@rtgn-law.com
stn@rtgn-law.com
se@rtgn-law.com
mck@mikeknecht.com
susan@mikeknecht.com
crostin@heritagepci.com
scarr@heritagepci.com
msanchez@heritagepci.com
plawrence@heritagepci.com
scappon@heritagepci.com
jhernandez@heritagepci.com
frr@rtgn-law.com
gw@rtgn-law.com
as@rtgn-law.com

## EXHIBIT TO TRIAL ORDER:
## REFERRAL TO MEDIATION

Pursuant to Chapter 44 of the Florida Statutes and Rules 1.700 – 1.730, Florida Rules of Civil Procedure, the above-styled cause is hereby referred to mediation. Mediation is a mandatory but non-binding settlement conference, conducted with the assistance of a Mediator. Mediation is private, confidential, and privileged from process and discovery. After mediation, the Mediator shall file a report in accordance with Rule 1.730, Florida Rules of Civil Procedure.

### Selection of Mediator

(1)  Within fifteen (15) days of this Order of Referral, the parties may mutually agree upon the designation of any certified Mediator of their choice. If an agreement is reached, the plaintiff or petitioner shall, within the time period set forth above, file with the Clerk of the Court, and serve upon the parties, the agreed-upon Mediator, and the Court a "Notice of Stipulation of Mediator" which shall identify the name, address, telephone number and email of the Mediator. Upon filing the "Notice of Stipulation of Mediator," said Mediator shall be deemed designated to mediate without further Order of Court.

(2)  In the event the parties are unable to agree upon the selection of a mediator within the time frame set forth above, the plaintiff or petitioner shall, within twenty (20) days of this Order of Referral, prepare a "Request for Appointment of Mediator" certifying that notwithstanding a good faith effort to agree, the parties were unsuccessful in so doing and requesting the Mediation Division provide the next available mediator from the rotating list of Certified Mediators. Said "Request for Appointment of Mediator" shall be filed with the Clerk of the Court and a copy emailed to the Mediation Division, MediationDivision@jud11.flcourts.org.

### Payment of Mediator's Fees

(3)  Fees for the mediation are to be divided and borne equally by the parties unless:
  a. otherwise agreed to by the parties, in writing,
  b. otherwise provided by court order; or

(4)  The Mediator shall be compensated at the Mediator's established hourly rate (unless otherwise agreed by the Mediator and parties), with a 2-hour minimum. This minimum 2-hour fee shall be paid at least seven (7) days prior to the scheduled mediation, and the balance of the fee, if any, shall be paid at the conclusion of the mediation. However, any Mediator selected pursuant to paragraph (2) above, from the rotating list of Certified Mediators in the Mediation Division, shall be compensated at a rate of $125.00 per hour, unless otherwise agreed to by the Mediator and the parties. Counsel for the respective parties are responsible for financial arrangements with their clients and timely payment of mediation fees.

### Scheduling Mediation

(5)     The parties and designated Mediator are ordered and directed to proceed with mediation in accordance with the Rules of Civil Procedure. Mediation shall take place within sixty (60) days of the date of this order.

(6)     Within fifteen (15) days of this Order of Referral, any party may file a motion with the court to defer the mediation. The movant shall set the Motion to Defer for hearing prior to the scheduled date for mediation. Notice of the hearing shall be provided to all interested parties, including any Mediator who has been appointed. The motion shall set forth, in detail, the facts and circumstances supporting the motion. Mediation shall be tolled until disposition of the motion.

### Required Attendance at Mediation

(7)     Personal appearance of counsel, and each party or representative of each party with authority to enter into a full and complete compromise and settlement, <u>without further consultation</u>, is mandatory at mediation. If insurance is involved, an adjuster with authority up to the policy limits or the most recent demand, whichever is lower, shall attend.

### Change/Cancellation of Scheduled Mediation

(8)     Written notice to the Mediator of any change or cancellation of the scheduled mediation must be given at least seventy two (72) hours prior to the scheduled mediation. Failure to provide such notice shall result in the imposition of the two (2) hour minimum fee paid by the canceling party to the Mediator, unless the Court orders otherwise for exceptional circumstances beyond the parties' control or the Mediator agrees to waive same.

### Dispensing with Mediation

(9)     A party may move, within fifteen (15) days of the Order of Referral, to dispense with mediation, if:
      (a)   the issue to be considered has previously been mediated between the same parties pursuant to Florida law;
      (b)   the issue presents a question of law only;
      (c)   other good cause is shown.

### Sanctions for Non-Compliance

(10)    If any of the parties fails to comply with the obligations set forth herein to ensure that mediation is accomplished expeditiously, the court may, on its own motion or on motion of any party, dismiss the case, strike pleadings, enter default, remove the case from the trial calendar, or impose any other sanctions that it may deem appropriate under the circumstances.

EXHIBIT "B"

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.: 2020-016627-CA-01

SECTION:           CA07

**Santiago Martinez et al**
Plaintiff(s),

vs.

**Heritage Property & Casualty Insurance Company**
Defendant(s)
_____/

### ZOOM/VIRTUAL
### NOTICE OF SPECIAL SET HEARING
### DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT (SET BY THE COURT)

YOU ARE HEREBY NOTIFIED that, a Special Set hearing on the above cause is scheduled for __15 min__ on __09-27-2022 at 9:15 AM__ in Room Virtual courtroom.

Virtual Court is held remotely on the Zoom platform. You will receive an email from the Court with the information you need to connect to your event by video or phone if you are on the E-Filing Portal service list. If you do not receive an email, check the judge's webpage for the Zoom link to their virtual courtroom or further instructions. You may also register for text notification via link https://cmap.jud11.flcourts.org/ebench/textNotificationsRegistration.jsp.

IT IS THE RESPONSIBILITY OF THE SCHEDULER TO PROVIDE TIMELY NOTICE OF THE ZOOM MEETING DETAILS TO ANY PARTY NOT REGISTERED ON THE E-FILING SERVICE PORTAL.

### CERTIFICATE OF SERVICE

A true and correct copy of the above notice was delivered to the parties below on __08-16-2022__.

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355, Email: ADA@jud11.flcourts.org at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711.

Copies Furnished to:
Electronically Served

Paulino A Nunez Jr., pan@rtgn-law.com
Paulino A Nunez Jr., as@rtgn-law.com
Paulino A Nunez Jr., gw@rtgn-law.com
Karen A Brimmer, kbrimmer@uww-adr.com
Karen A Brimmer, cgalvez@uww-adr.com
Andrew V. Tramont, avt@rtgn-law.com
Andrew V. Tramont, as@rtgn-law.com
Andrew V. Tramont, gw@rtgn-law.com
Stephanie Therese Nunez, stn@rtgn-law.com
Stephanie Therese Nunez, se@rtgn-law.com
Michael Carrington Knecht, mck@mikeknecht.com
Michael Carrington Knecht, susan@mikeknecht.com
Clifford Lawrence Rostin, crostin@heritagepci.com
Clifford Lawrence Rostin, scarr@heritagepci.com
Clifford Lawrence Rostin, msanchez@heritagepci.com
Precious Monae-Anuel Lawrence, plawrence@heritagepci.com
Precious Monae-Anuel Lawrence, scappon@heritagepci.com
Precious Monae-Anuel Lawrence, jhernandez@heritagepci.com
Francisco Rodriguez, frr@rtgn-law.com
Francisco Rodriguez, gw@rtgn-law.com
Francisco Rodriguez, as@rtgn-law.com